UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RAY A. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-00279-PPS-SLC |
| | ) |
| CK PRODUCTS, LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a motion for leave to amend answer (DE 22) filed by Defendant CK Products, LLC, on February 23, 2016, seeking to amend its answer to add the after-acquired evidence doctrine as an affirmative defense. Plaintiff Ray A. Jackson has not filed a response to the motion, and his time to do so has now passed.

The deadline for any amendments to the pleadings by CK Products passed on January 7, 2016. (DE 16; DE 19). A party seeking to amend a pleading after the date specified in a scheduling order must show "good cause" for the amendment under Federal Rule of Civil Procedure 16(b)(4). *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719-20 (7th Cir. 2011) (collecting cases). To show good cause, CK Products asserts that it very recently uncovered evidence that Jackson purportedly "misrepresented both his criminal history and his work history" from his application with CK Products. (DE 22 at 1). Specifically, CK Products states that it learned of the alleged discrepancy after receiving Jackson's answers to its Second Set of Interrogatories on February 12, 2016. (DE 22 at 1).

"[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (alteration in original) (citation omitted). "The court 'should freely give leave when

justice so requires.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)); *see Foman v. Davis*, 371 U.S 178, 182 (1962). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys*, 520 F.3d at 743 (citation omitted); *see Foman*, 371 U.S. at 182.

Here, as stated above, Jackson did not respond to the motion to amend. Thus, he does not suggest that CK Products unduly delayed in filing the motion, that he would suffer undue prejudice, or that the proposed amendment is futile. Accordingly, because CK Products has shown good cause for the belated amendment, and because the Court should "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), CK Products's motion to amend its answer (DE 22) is GRANTED. The Clerk is DIRECTED to show CK Products's Second Amended Answer (DE 22-1) filed.

SO ORDERED.

Dated this 15th day of March 2016.

/s/ Susan Collins  
Susan Collins,  
United States Magistrate Judge